UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 23-CV-60454-RAR
(21-CR-60216-RAR)

**JAMES HARWOOD**,

    Movant,

v.

**UNITED STATES OF AMERICA**,

    Respondent.
_____/

### ORDER DENYING IN PART MOTION TO VACATE AND GRANTING EVIDENTIARY HEARING

**THIS CAUSE** comes before the Court on Movant James Harwood's Motion to Vacate under 28 U.S.C. § 2255. *See* Motion to Vacate ("Mot.") [ECF No. 1]. The Government filed a Response to the Motion, conceding that an evidentiary hearing is required to resolve Movant's first claim while arguing that all Movant's other claims "should be denied on the merits." *See* Response ("Resp.") [ECF No. 7] at 1–2. Having reviewed the pleadings, Movant's criminal docket, and the applicable law, the Court will set an evidentiary hearing on Ground One of the Motion and **DENY** the remaining grounds on their merits.

### PROCEDURAL HISTORY

On August 3, 2021, Movant was charged by indictment with nine counts: three counts of production of child pornography, in violation of 18 U.S.C. § 2251(a) (Counts 1–3); three counts of enticement of a minor, in violation of 18 U.S.C. § 2422(b) (Counts 4–6); one count of traveling with intent to engage in illicit sexual conduct, in violation of 18 U.S.C. § 2423(b) (Count 7); one count of possession of child pornography, in violation of 18 U.S.C. § 2252(a) (Count 8); and one count of sending extortionate interstate communications, in violation of 18 U.S.C. § 875(d) (Count

9). *See* Indictment, *United States v. Harwood*, No. 21-CR-60216 (S.D. Fla. Aug. 4, 2021), ECF No. 13 at 1–7. The Government proffered evidence that "the Defendant encouraged at least four minor females, aged 14–16, to send him sexually explicit images of themselves via the Internet and to recruit other minor females to do the same. The Defendant traveled to Kentucky and rented a hotel room in order to take photos of a 14-year-old victim. He also transmitted sexually explicit photographs of himself to his victims, and threatened to commit suicide if the Kentucky victim ended their relationship." Detention Order, *United States v. Harwood*, No. 21-CR-60216 (S.D. Fla. July 23, 2021), ECF No. 12 at 1–2.[1]

Movant ultimately entered into an agreement with the Government where "[t]he defendant agree[d] to plead guilty to Counts 1, 2 and 3 of the Indictment." Plea Agreement, *United States v. Harwood*, No. 21-CR-60216 (S.D. Fla. Nov. 18, 2021), ECF No. 25 at 1. In exchange, the Government would dismiss Counts 4 through 9 of the Indictment and jointly recommend a twenty-five (25) year sentence to the Court. *See id.* at 1, 4. The Court accepted the guilty plea, adjudicated Movant guilty of Counts 1 through 3 of the Indictment, and sentenced Movant to the same twenty-

---

[1] Movant eventually admitted that he engaged in significant illegal sexual conduct with three minor female victims (all of whom Harwood knew were minors). Victim 1 was a 15-year-old female residing in Polk County, Florida. Factual Proffer, *United States v. Harwood*, No. 21-CR-60216 (S.D. Fla. Nov. 18, 2021), ECF No. 26 at 1. Movant "watched and recorded victim 1 masturbating via a live video feed" and "produced videos of himself masturbating and inserting objects into his anus" which he transmitted to Victim 1. *Id.* at 2–3. Harwood also "directed" Victim 1 to engage in sexually explicit behaviors such as placing foreign objects "into her vagina repeatedly" and "engaging in sexual activity with a dog." *Id.* at 3. Victim 2 was a 14-year-old female residing in Kentucky. *Id.* at 4. Harwood "coerced, and subsequently extorted, [V]ictim 2 on a number of occasions to produce child pornography images and videos for Harwood" and was able to successfully pressure Victim 2 "to engage in sexual activity with him." *Id.* at 4–5. Victim 3 was a 16-year-old female who resided in Jupiter, Florida. *Id.* at 5–6. Harwood "capture[d] a video feed of victim 3 masturbating" and "engaged in romantic interaction such as holding hands and kissing." *Id.*; *see also* Change of Plea Hr'g Tr. [ECF No. 7-1] at 23:16–22 ("The Court: You've heard what has been said [in the factual proffer], Mr. Harwood, and do you agree it's an adequate statement of what transpired in this case? The Defendant: Yes. The Court: Do you have any changes or objections to what the prosecution has said? The Defendant: No.").

five-year sentence jointly recommended by the parties. *See* Judgment, *United States v. Harwood*, No. 21-CR-60216 (S.D. Fla. Feb. 14, 2022), ECF No. 36 at 1–2.

## STANDARD OF REVIEW

Because collateral review is not a substitute for direct appeal, the grounds for collateral attack on a final judgment, pursuant to 28 U.S.C. § 2255, are extremely limited. A prisoner is only entitled to relief under § 2255 if the court imposed a sentence that: (1) violated the Constitution or laws of the United States; (2) exceeded its jurisdiction; (3) exceeded the maximum authorized by law; or (4) is otherwise subject to collateral attack. *See* 28 U.S.C. § 2255(a); *McKay v. United States*, 657 F.3d 1190, 1194 n.8 (11th Cir. 2011). Thus, relief under § 2255 "is reserved for transgressions of constitutional rights and for that narrow compass of other injury that could not have been raised in direct appeal and would, if condoned, result in a complete miscarriage of justice." *Lynn v. United States*, 365 F.3d 1225, 1232 (11th Cir. 2004) (citing *United States v. Frady*, 456 U.S. 152, 165 (1982)). If a court finds a claim under § 2255 valid, the court "shall vacate and set the judgment aside shall discharge the prisoner or resentence him or grant a new trial or correct the sentence." 28 U.S.C. § 2255(b). The § 2255 movant "bears the burden to prove the claims in his § 2255 motion." *Rivers v. United States*, 777 F.3d 1306, 1316 (11th Cir. 2015).

The Sixth Amendment affords a criminal defendant the right to "the Assistance of Counsel for his defen[s]e." U.S. Const. amend. VI. "The benchmark for judging any claim of ineffectiveness must be whether counsel's conduct so undermined the proper functioning of the adversarial process that the trial cannot be relied on as having produced a just result." *Strickland v. Washington*, 466 U.S. 668, 686 (1984). To prevail on a claim of ineffective assistance of counsel, the movant must demonstrate "that (1) his counsel's performance was deficient and 'fell below an objective standard of reasonableness,' and (2) the deficient performance prejudiced his

defense." *Raleigh v. Sec'y, Fla. Dep't of Corr.*, 827 F.3d 938, 957 (11th Cir. 2016) (quoting *Strickland*, 466 U.S. at 687–88). "Claims of ineffective assistance of appellate counsel are governed by the same standards applied to trial counsel under *Strickland*." *Philmore v. McNeil*, 575 F.3d 1251, 1264 (11th Cir. 2009).

Regarding the deficiency prong, "a petitioner must establish that no competent counsel would have taken the action that his counsel did take" during the proceedings. *Chandler v. United States*, 218 F.3d 1305, 1315 (11th Cir. 2000) (en banc). If "some reasonable lawyer at the trial could have acted, in the circumstances, as defense counsel acted at trial[,]" counsel did not perform deficiently. *Waters v. Thomas*, 46 F.3d 1506, 1512 (11th Cir. 1995) (en banc) (quoting *White v. Singletary*, 972 F.2d 1218, 1220 (11th Cir. 1992)).

As for the second prong, "a defendant is prejudiced by his counsel's deficient performance if 'there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different.'" *Porter v. McCollum*, 558 U.S. 30, 40 (2009) (quoting *Strickland*, 466 U.S. at 694). "A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Strickland*, 466 U.S. at 694. If a postconviction movant has pled guilty to the underlying offenses, the prejudice prong is modified so that the movant is instead required to "show that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." *Hill v. Lockhart*, 474 U.S. 52, 59 (1985).

## **ANALYSIS**

Movant raises five grounds for relief in the instant Motion. First, Movant argues that "[d]efense counsel was constitutionally ineffective for failing to file a notice of appeal post-sentencing upon defendant's request." Mot. at 4. Second, Movant claims that his guilty plea was

"unknowingly, unintelligibly, coerced and induced [sic]" because defense counsel "exploited Defendant's fears and ignorance" and provided erroneous legal advice about the consequences of rejecting a guilty plea. *Id.* at 7. Third, Movant alleges that defense counsel was ineffective "for failing to conduct any thorough or proper evaluations" and that, had additional psychological and psycho-sexual evaluations taken place, there would have been evidence "warranting a downward departure and/or a lower guideline range." *Id.* at 10. Fourth, Movant contends that "the Government failed to consider [the] mitigating factors set forth in Harwood's [presentence investigation report]." *Id.* at 13. Finally, Movant states that the cumulative effect of the above errors is so great that "taken as a whole together should be sufficient to warrant reversal of the sentence." *Id.* at 18. The Court will address each of these arguments in turn.

### A. Ground One

In Ground One, Movant alleges that defense counsel performed ineffectively when he failed to file a notice of appeal on Movant's behalf, even though Movant "inquired and requested the filing of a direct appeal." *Id.* at 4. Movant avers that counsel "deflected said request and informed Defendant it would be frivolous and not worth filing a direct appeal." *Id.* Respondent concedes "that an evidentiary hearing is necessary in accordance with the case law." Resp. at 11. The Court agrees. A § 2255 movant is "entitled to an evidentiary hearing if he alleges facts that, if true, would entitle him to relief." *Winthrop-Redin v. United States*, 767 F.3d 1210, 1216 (11th Cir. 2014); *see also Aron v. United States*, 291 F.3d 708, 715 n.6 (11th Cir. 2002) ("If the allegations are not affirmatively contradicted by the record and the claims are not patently frivolous, the district court is required to hold an evidentiary hearing."). The Supreme Court has clearly held that "'when counsel's constitutionally deficient performance deprives a defendant of an appeal that he otherwise would have taken, the defendant has made out a successful ineffective

assistance of counsel claim entitling him to an appeal,' with no need for a 'further showing' of his claims' merit[.]" *Garza v. Idaho*, 139 S. Ct. 738, 747 (2019) (quoting *Roe v. Flores-Ortega*, 528 U.S. 470, 477 (2000)).  Here, Movant alleges that he explicitly instructed his defense counsel to appeal, but that counsel did not do so.  *See* Mot. at 4.  Since the record does not refute this allegation, the Court finds that Movant has alleged a facially sufficient ineffective assistance of counsel claim that must be resolved in an evidentiary hearing.

### B. Ground Two

Movant alleges in Ground Two of the Motion that counsel rendered "erroneous and incompetent legal advice" which improperly induced Movant to plead guilty.  Mot. at 7.  Movant specifically claims that counsel (incorrectly) told him that "his offense level was 50 and that he (counsel) would be able to get defendant 25 years," and that "if he did not plea, his state charges in Polk County would be reversed and result in a life sentence for Harwood."  *Id.*  Respondent contends that counsel did not perform deficiently because "everything Harwood states his attorney told him was factual."  Resp. at 13.  The Court finds that defense counsel competently and accurately apprised Movant of the risks of rejecting the Government's plea offer and, therefore, was not ineffective.

When a defendant alleges that his defense counsel's misadvice resulted in an involuntary guilty plea, "the accused must 'prove serious derelictions on the part of counsel sufficient to show that his plea was not, after all, a knowing and intelligent act.'" *Downs-Morgan v. United States*, 765 F.2d 1534, 1539 (11th Cir. 1985) (quoting *McMann v. Richardson*, 397 U.S. 759, 774 (1970)).  Once the movant has shown that "his counsel's deficient performance deprived him of a trial by causing him to accept a plea," he must also demonstrate that "but for counsel's errors, he would

not have pleaded guilty and would have insisted on going to trial." *Lee v. United States*, 582 U.S. 357, 364–65 (2017) (quoting *Hill*, 474 U.S. at 59).

Movant fails at the first step because counsel's advice was not a "serious dereliction" of his duty to ensure Movant knowingly and intelligently pled guilty. Movant identifies two "erroneous" statements made by his defense counsel that led him to plead guilty: (1) Movant's total offense level was a 50, and (2) if Movant did not accept the guilty plea, his state charges would be "reversed" and Movant would receive a life sentence. *See* Mot. at 7. Both statements, however, were accurate. To begin, Movant's total offense level was, in fact, a 49. *See* Presentence Investigation Report ("PSI"), *United States v. Harwood*, No. 21-CR-60216 (S.D. Fla. Jan. 6, 2022), ECF No. 29 ¶ 59. Although, strictly speaking, counsel was wrong to tell Movant that his total offense level was 50, this "misadvice" was immaterial because, regardless of whether Movant's total offense level was a 49 or 50, it would still have to be reduced to 43—the maximum under the Sentencing Guidelines. *See* U.S.S.G. ch. 5, pt. A, cmt. n.2 (2021) ("An offense level of more than 43 is to be treated as an offense level of 43."). In short, even if counsel misspoke and told Movant that his total offense level was 50 instead of 49, counsel still correctly conveyed to Movant that he scored the <u>maximum</u> total offense level under the Guidelines. *Cf. Riolo v. United States*, 38 F.4th 956, 974 (11th Cir. 2022) ("We are loathe to say that an attorney provided deficient performance . . . when the attorney's reasonable interpretation of [the Guidelines] was that it had no bearing on the defendant's situation and no authoritative decision offered guidance to the contrary.").

Counsel also correctly informed Movant that, if he didn't accept the Government's plea offer, he could still be facing state charges in Polk County <u>and</u> a life sentence. The record clearly reflects that the Office of the State Attorney in Polk County, Florida, agreed to drop four counts of transmitting material harmful to minors, in violation of Fla. Stat. § 847.0138, <u>solely because</u>

Movant agreed to plead guilty in this federal case. *See* Sentencing Hr'g Tr., *United States v. Harwood*, No. 21-CR-60216 (S.D. Fla. Apr. 4, 2023), ECF No. 42 at 13:4–9 ("[Defense Counsel]: And in my discussions regarding the resolution of this case with [the prosecutor], there was potentially another case in Polk County that came—that played into the resolution of this case. The Polk County case is not going to go forward. It's all going to be resolved here today.").[2] Needless to say, defense counsel accurately explained to Movant that the state-court prosecution in Polk County would continue if Movant chose to reject the Government's plea offer.

Finally, counsel also properly informed Movant that he faced the possibility of a life sentence if he did not accept the Government's plea offer. Movant was charged with extremely serious crimes which resulted in a total offense level of 43; as a result, the Sentencing Guidelines recommended a life sentence. *See* U.S.S.G. ch. 5, pt. A; PSI ¶ 105. However, by entering into a plea agreement which only required him to plead guilty to Counts 1 through 3 of the Indictment, Movant faced a maximum sentence of thirty years on each count—not life. *See* 18 U.S.C. § 2251(e) ("Any individual who violates [18 U.S.C. § 2251] shall be . . . imprisoned not less than 15 years nor more than 30 years[.]"); *see also United States v. Houston*, 456 F.3d 1328, 1340 (11th Cir. 2006) ("[I]f the calculated Guidelines range exceeds the statutory maximum penalty for a particular crime, then the statutory maximum becomes the effective Guidelines range."). By

---

[2] The Court also takes judicial notice of Movant's state-court criminal docket in Case No. 21CF001009A0 in the Tenth Judicial Circuit Court in and for Polk County, Florida, to confirm defense counsel's representations at sentencing. *See Horne v. Potter*, 392 F. App'x 800, 802 (11th Cir. 2010) ("The district court properly took judicial notice of the documents in Horne's first case, which were public records that were 'not subject to reasonable dispute.'") (quoting FED. R. EVID. 201(b)). On May 2, 2022, the State of Florida dismissed all pending charges against Movant because "[t]he Defendant has been sentenced to 25 years in Federal Prison. Part of that resolution is an agreement that there will be no further prosecution in this case." Notice of Nolle Prosequi, *State v. Harwood*, No. 21CF001009A0 (Fla. 10th Cir. Ct. May 2, 2022), Seq. 49. The Court will attach a copy of the Tenth Judicial Circuit's docket in Case No. 21CF001009A0 to this Order, available at https://pro.polkcountyclerk.net/PRO/PublicSearch/PublicSearch (last accessed May 25, 2023).

pleading guilty, Movant not only avoided a life sentence <u>but also</u> got the benefit of a jointly recommended twenty-five year sentence instead of facing the modified Guidelines sentence of 1,080 months (*i.e.*, three consecutive 30-year sentences). *See* PSI ¶ 105. If, on the other hand, Movant rejected the Government's plea offer and insisted on going to trial on <u>all nine counts</u> of the Indictment, he almost certainly would have been facing a life sentence on Counts 4 through 6 if found guilty on any one of those counts. *See* 18 U.S.C. § 2422(b); *see also* PSI ¶ 106 ("Had the defendant been convicted of one of [Counts 4 through 6], his guideline sentence would be life and would not be reduced to the statutory maximum sentence of 1,080 months.").

Counsel properly informed Movant that he scored the maximum total offense level under the Guidelines, that the state-court charges in Polk County would be dropped if he accepted the Government's plea offer, and that he faced the possibility of a life sentence if he rejected the plea offer and went to trial. Since all of this was accurate advice, Movant fails to show that counsel performed deficiently. *See Chandler*, 218 F.3d at 1315 ("[F]or a petitioner to show that the conduct was unreasonable, a petitioner must establish that no competent counsel would have taken the action that his counsel did take."). Ground Two is thus **DENIED**.

### C. Ground Three

Movant alleges in Ground Three of the Motion that defense counsel was ineffective for "failing to conduct any thorough or proper evaluations or conduct any meaningful investigation into possible defense." Mot. at 10 (errors in original). Movant posits that, if defense counsel presented other "psycho-sexual evaluations" and expert testimony about Movant's mental health at sentencing, he would have been able to establish "a mitigating factor warranting a downward departure and/or a lower guideline range." *Id.* Respondent counters that "the Court was fully aware of Harwood's psychological state" and that Movant cannot show prejudice. Resp. at 15.

The Court finds Ground Three to be meritless for three reasons. *One*, as Respondent alludes to, the PSI already contained ample information about Movant's history with anxiety, attention deficit disorder, depression, and other significant battles with his mental health. *See* PSI ¶¶ 82–86. The fact that the Court did not "explicitly address . . . all of the mitigating evidence" at sentencing does not mean that the Court failed to consider Movant's long history with mental illness. *United States v. Taylor*, 997 F.3d 1348, 1354 (11th Cir. 2021).

*Two*, Movant's belief that additional testimony about his mental health "would have been a mitigating factor warranting a downward departure and/or lower guideline range" is wildly speculative—especially since Movant never states what new, relevant information would have been proffered with additional psycho-sexual testing and expert witnesses. *See Pickett v. United States*, No. 20-13149, 2021 WL 3521062, at *3 (11th Cir. Aug. 11, 2021) ("Pickett was not entitled to [relief] on any of his claims in the original § 2255 motion, as the claims were unsupported, speculative, and frivolous." (citing *Winthrop-Redin*, 767 F.3d at 1216)).

*Three*, the twenty-five-year sentence Movant received was already <u>extremely favorable</u> given that the Guidelines called for a 1,080 month sentence. *See* PSI ¶ 105. The Court did not impose the statutory maximum on any of the counts nor did it run Movant's sentences consecutively—both of which the Guidelines recommended. *See id.* ¶¶ 105–06. Instead, the Court agreed with the joint recommendation of the Government and defense counsel—which was ostensibly a significant downward variance from the Guidelines sentence—after concluding that a twenty-five year sentence was "going to be sufficient, based on what I've read [in the PSI] and given the criminal history." Sentencing Hr'g Tr., *United States v. Harwood*, No. 21-CR-60216 (S.D. Fla. Apr. 4, 2023), ECF No. 42 at 11:20–22; *see also, e.g.*, *Balbuena v. United States*, 523 F. App'x 588, 599 (11th Cir. 2013) (holding that counsel was not ineffective for failing to request

a below-the-guidelines sentence where "the district court explicitly stated that it found that the advisory guidelines range 'adequately reflect[ed] the factors in [§] 3553' and expressed its intention to sentence Balbuena within this range" (alteration in original)).

For all these reasons, Ground Three is **DENIED**.

### D. Ground Four

Movant alleges in Ground Four that the "Government failed to consider mitigating factors set forth in Harwood's PSR." Mot. at 13.[3] The Court presumes that Movant is referring to the Court itself (rather than the Government) in Ground Four since it is the Court's sole prerogative to review the PSI and the factors set forth in 18 U.S.C. § 3553 to craft an individualized sentence for each defendant before it. *Cf. United States v. Gutman*, 95 F. Supp. 2d 1337, 1340 (S.D. Fla. 2000) ("By accepting a non-binding plea agreement, a court does not delegate its [sentencing] power and responsibility to the government and the defendant."). Here, Movant points to paragraphs 74 and 75 of the PSI—which recount the severe physical and sexual abuse Movant suffered as a child—as mitigating factors the Court failed to consider at sentencing. *See* PSI ¶¶ 74–75. The Court rejects Ground Four for the same reasons as Ground Three. The Court reiterates that it reviewed the entire PSI before imposing Movant's sentence and found that the recommended twenty-five-year sentence was adequate and reasonable under the circumstances. *See* Sentencing Hr'g Tr., *United States v. Harwood*, No. 21-CR-60216 (S.D. Fla. Apr. 4, 2023), ECF No. 42 at 11:20–22, 14:9–15:12; *see also United States v. Gonzalez*, 550 F.3d 1319, 1324

---

[3] Ground Four was not raised on direct appeal, so Movant has most likely procedurally defaulted on this claim. *See Lynn*, 365 F.3d at 1234 ("Under the procedural default rule, a defendant generally must advance an available challenge to a criminal conviction or sentence on direct appeal or else the defendant is barred from presenting the claim in a § 2255 proceeding."). Nevertheless, for the sake of judicial economy, the Court will "skip over" the procedural issues with Ground Four and simply deny it on the merits. *See Loggins v. Thomas*, 654 F.3d 1204, 1215 (11th Cir. 2011) ("When relief is due to be denied even if claims are not procedurally barred, we can skip over the procedural bar issues, and we have done so in the past.").

(11th Cir. 2008) ("An acknowledgement the district court has considered the defendant's arguments and the § 3553(a) factors will suffice [at sentencing]."). Finally, while the Court is sympathetic to Movant's abusive upbringing, many defendants charged with sexual crimes against children have similarly unhappy and abusive childhoods, *see Kandies v. Polk*, 385 F.3d 457, 470 (4th Cir. 2004) ("[N]umerous studies have found that men who commit acts of child abuse are far more likely than the general population to have been sexually abused as children."), *vacated on other grounds by* 545 U.S. 1137 (2005), so this fact alone does not warrant yet another departure from a sentence that is already less severe than many other sentences imposed on similarly situated defendants, *see United States v. Irey*, 612 F.3d 1160, 1219–21 (11th Cir. 2010) (en banc) (citing examples of sentences imposed for defendants adjudicated guilty of violating 18 U.S.C. § 2251). Ground Four is thus **DENIED**.

### E. Ground Five

Movant's final claim is that all of the previously aforementioned grounds for relief "taken as a whole together should be sufficient to warrant reversal of the sentence." Mot. at 18. Since the Court has found that all but one of Movant's claims are meritless on their face, Movant's cumulative error claim fails as a matter of law. *See United States v. Gamory*, 635 F.3d 480, 497 (11th Cir. 2011) ("Where there is no error or only a single error, there can be no cumulative error."). Accordingly, Ground Five is **DENIED**.

## CERTIFICATE OF APPEALABILITY

A habeas petitioner has no absolute entitlement to appeal a district court's final order denying his habeas petition. Rather, to pursue an appeal, a postconviction movant must obtain a certificate of appealability ("COA"). *See* 28 U.S.C. § 2253(c)(1); *Harbison v. Bell*, 556 U.S. 180, 183 (2009). Issuance of a COA is appropriate only if a litigant makes "a substantial showing of

the denial of a constitutional right." 28 U.S.C. § 2253(c)(2).  To do so, litigants must show that reasonable jurists would debate either "whether the [motion] states a valid claim or the denial of a constitutional right" or "whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).  Since an evidentiary hearing is required to adjudicate Ground One, the Court will reserve its decision on a certificate of appealability until a final order is entered in this case.

## CONCLUSION

Having carefully reviewed the record and governing law, it is hereby

**ORDERED AND ADJUDGED** as follows:

1. The Motion to Vacate [ECF No. 1] is **DENIED in part**.  Grounds Two, Three, Four, and Five of the Motion are **DENIED**.

2. The Court will **GRANT** an evidentiary hearing, pursuant to 28 U.S.C. § 2255(b), on Ground One of the Motion.

3. In accordance with 28 U.S.C. § 2255(g), the Court hereby **APPOINTS** Dianne Elizabeth Carames, Esq., to represent Movant at all further stages of this § 2255 proceeding, both before the District Court and in any appellate proceedings.

4. Pursuant to 28 U.S.C. § 636(b)(1)(A) and the Magistrate Judge Rules of the Local Rules of the Southern District of Florida, the above-styled case is **REFERRED** to United States Magistrate Judge Jared M. Strauss for an evidentiary hearing and a Report and Recommendation on the hearing.  The date and time of this hearing will be set by Magistrate Judge Strauss in a future order.

**DONE AND ORDERED** in Miami, Florida, on this 25th day of May, 2023.

_____
**RODOLFO A. RUIZ II**
**UNITED STATES DISTRICT JUDGE**

cc:   James Harwood, *pro se*

     counsel of record

     Dianne Elizabeth Carames, Esq.
     Dianne@puglisilaw.com



**Stacy M. Butterfield, CPA**
**Clerk of Courts & Comptroller**
**Polk County, Florida**

Public Records Online

CASE INFORMATION

Printed as of 5/25/2023 by Public

Case Number:    2021CF001009A000XX
Judge:          JALAL A HARB                    Section:   F4

## Parties

| Party Type | Party Name | Attorney |
|---|---|---|
| CONFIDENTIAL VICTIM | CONFIDENTIAL VICTIM | |
| DEFENDANT | HARWOOD JAMES MATTHEW | |
| PLAINTIFF | STATE OF FLORIDA | SOLOMON SETH |

## Dockets

| Date | Action | Type | Pages | Sequence |
|---|---|---|---|---|
| 2/5/2021 | AFFIDAVIT COMPLAINT FILED | AC | 4 | 1 |
| 2/5/2021 | WARRANT ISSUED | WI | 3 | 2 |
| 2/23/2021 | INSERT HEARING FOR THE DATE: 2/23/2021 | CINS | 0 | 3 |
| | Re: FAHR--FIRST APPEARANCE HEARING BY JESSESTR | | | |
| 2/23/2021 | INSERT HEARING FOR THE DATE: 3/29/2021 | CINS | 0 | 4 |
| | Re: ARRG--ARRAIGNMENT BY JESSESTR | | | |
| 2/23/2021 | WARRANT SERVED | WS | 2 | 5 |
| 2/23/2021 | BOOKING SHEET | BI | 2 | 6 |
| 2/23/2021 | FIRST APPEARANCE HEARING ORDER 2-23-21 | FAHO | 2 | 7 |
| 2/25/2021 | DEMAND/NOTICE FOR DISCOVERY FILED | DDIS | 1 | 8 |
| 2/25/2021 | DEMAND FOR DISCLOSURE | DDS | 2 | 9 |

Public Records Online

CASE INFORMATION

Printed as of 5/25/2023 by Public

Case Number: 2021CF001009A000XX

Judge: JALAL A HARB               Section: F4

## Dockets

| Date | Action | Type | Pages | Sequence |
|---|---|---|---|---|
| 2/25/2021 | NOTICE OF CONFIDENTIAL INFORMATION WITHIN COURT FILING | NCI | 2 | 11 |
| 2/25/2021 | INFORMATION FILED | INF | 4 | 12 |
| 2/25/2021 | ORDER GRANTING PRE-TRIAL RELEASE -ORIGINAL | OGP | 4 | 14 |
| 2/26/2021 | APD of Record, HENDRY JAY M III | AUPD | 0 | 10 |
| 3/2/2021 | APPLICANT DECLARED INDIGENT BY CLERK | AIND | 1 | 13 |
| 3/17/2021 | DEMAND RECIPROCAL DISCOVERY & NOTICE OF ALIBI | DRDA | 7 | 15 |
| 3/18/2021 | ASA of Record, SMITH MONICA V | AUSA | 0 | 16 |
| 3/19/2021 | NOTICE OF INTENT TO INSPECT, COPY, TEST, AND PHOTOGRAPH INFO AND MATERIAL | NI | 2 | 17 |
| 3/23/2021 | WRITTEN PLEA OF NOT GUILTY | WPNG | 1 | 18 |
| 3/24/2021 | DELETE HEARING FOR THE DATE: 3/29/2021 | CDEL | 0 | 19 |
|  | Reason: ARRG--ARRAIGNMENT BY JULICLAR |  |  |  |
| 3/24/2021 | INSERT HEARING FOR THE DATE: 7/8/2021 | CINS | 0 | 20 |
|  | Re: PRET--PRE-TRIAL CONFERENCE BY JULICLAR |  |  |  |
| 3/24/2021 | COURT NOTICE VIRTUAL COURTROOM | CNV | 2 | 21 |
| 5/10/2021 | NOTICE APPEARANCE OF COUNSEL (PA MCNELIS) | NAC | 1 | 23 |
| 5/10/2021 | WRITTEN PLEA OF NOT GUILTY | WPNG | 1 | 24 |
| 5/10/2021 | DEMAND/NOTICE FOR DISCOVERY AND REQ FOR A BILL OF PARTICULARS | DDIS | 1 | 25 |
| 5/10/2021 | MOTION FOR PRODUCTION OF FAVORABLE EVIDENCE | M | 2 | 26 |
| 5/11/2021 | MOTION TO WITHDRAW AS COUNSEL | MOWD | 1 | 22 |

Public Records Online

CASE INFORMATION

Printed as of 5/25/2023 by Public

Case Number:     2021CF001009A000XX

Judge:           JALAL A HARB                                Section:    F4

**Dockets**

| Date | Action | Type | Pages | Sequence |
|---|---|---|---|---|
| 5/11/2021 | DELETE HEARING FOR THE DATE: 7/8/2021 | CDEL | 0 | 27 |
| | Reason: PRET--PRE-TRIAL CONFERENCE BY JULICLAR | | | |
| 5/11/2021 | INSERT HEARING FOR THE DATE: 7/6/2021 | CINS | 0 | 28 |
| | Re: PRET--PRE-TRIAL CONFERENCE BY JULICLAR | | | |
| 5/11/2021 | COURT NOTICE VIRTUAL COURTROOM | CNV | 2 | 29 |
| 5/12/2021 | ORD ALLOW DEF COUNSEL W/D | OW | 1 | 30 |
| 5/24/2021 | NOTICE OF PRIOR COMPLIANCE WITH DISCOVERY | NPCD | 1 | 31 |
| 5/28/2021 | MOTION FOR PTR / ROR / REASONABLE BAIL | MPRR | 2 | 32 |
| 5/28/2021 | NOTICE OF HEARING FILED | NHF | 2 | 33 |
| 6/1/2021 | INSERT HEARING FOR THE DATE: 6/11/2021 | CINS | 0 | 34 |
| | Re: BOND--BOND HEARING BY JULICLAR | | | |
| 6/16/2021 | MEMO OF COURT (SNAPOUT) 6/11/21 | MOC | 1 | 35 |
| 6/30/2021 | DELETE HEARING FOR THE DATE: 7/6/2021 /PER CINDY | CDEL | 0 | 36 |
| | Re: PRET--PRE-TRIAL CONFERENCE BY LUPEGUIJ | | | |
| 6/30/2021 | MOTION FOR CONTINUANCE | MCN | 2 | 37 |
| 6/30/2021 | ORDER FOR CONTINUANCE GRANTED | OGCT | 1 | 38 |
| 7/1/2021 | INSERT HEARING FOR THE DATE: 10/12/2021 | CINS | 0 | 39 |
| | Reason: PRET--PRE-TRIAL CONFERENCE BY LETIWILS | | | |
| 9/21/2021 | ASA of Record, EBBOLE ERIC JEFFREY | AUSA | 0 | 40 |
| 9/22/2021 | ASA of Record, SOLOMON SETH | AUSA | 0 | 41 |

Public Records Online

CASE INFORMATION

Printed as of 5/25/2023 by Public

Case Number:     2021CF001009A000XX

Judge:     JALAL A HARB     Section:     F4

### Dockets

| Date | Action | Type | Pages | Sequence |
|---|---|---|---|---|
| 10/14/2021 | MEMO OF COURT (SNAPOUT) 10/12/21 | MOC | 1 | 42 |
| 10/14/2021 | INSERT HEARING FOR THE DATE: 2/8/2022 | CINS | 0 | 43 |
| | Reason: PRET--PRE-TRIAL CONFERENCE BY DEBODOOL | | | |
| 2/10/2022 | MEMO OF COURT (SNAPOUT) 02/08/22 | MOC | 1 | 44 |
| 2/11/2022 | INSERT HEARING FOR THE DATE: 5/17/2022 | CINS | 0 | 45 |
| | Reason: PRET--PRE-TRIAL CONFERENCE BY DEBODOOL | | | |
| 3/7/2022 | MOTION TO WITHDRAW AS COUNSEL | MOWD | 3 | 46 |
| 3/9/2022 | ORD ALLOW DEF COUNSEL W/D | OW | 1 | 47 |
| 4/19/2022 | DEFENDANT MOTION TO DISMISS COUNSEL AND APPOINT NEW COUNSEL (C: SAO / EMAILED JA) | D | 2 | 48 |
| 5/2/2022 | WRITTEN NOLLE PROSSE | NP | 1 | 49 |
| 5/2/2022 | DELETE HEARING FOR THE DATE: 5/17/2022 | CDEL | 0 | 50 |
| | Reason: PRET--PRE-TRIAL CONFERENCE BY LETIWILS | | | |

### Court Hearings

| Date | Time | Location | Motion Description | Section | Judge |
|---|---|---|---|---|---|
| 2/8/2022 | 1:00 PM | BARTOW 4 A RED ELEVATOR | PRET - PRE-TRIAL CONFERENCE | F4 | JALAL A HARB |
| 10/12/2021 | 1:00 PM | BARTOW 4 A RED ELEVATOR | PRET - PRE-TRIAL CONFERENCE | F4 | JALAL A HARB |
| 6/11/2021 | 10:30 AM | FELONY DIVISION F4 VIRTUAL | BOND - BOND HEARING | F4 | JALAL A HARB |
| 2/23/2021 | 1:00 PM | FIRST APPEARANCE VIRTUAL | FAHR - FIRST APPEARANCE HEARING | M7 | ROBERT GRIFFIN |

No Bond Data Available

Public Records Online

CASE INFORMATION

Printed as of 5/25/2023 by Public

Case Number: **2021CF001009A000XX**

Judge: **JALAL A HARB**  Section: **F4**

**Financials**

**Receivables**

| Effective Date | Due Date | Fee Description | Fee Amount | Total Amount Due |
|---|---|---|---|---|
| 3/2/2021 | 3/9/2021 | Felony PD Application Fee | $0.00 | $0.00 |
| | | TOTAL | $0.00 | $0.00 |

No Payment Data Available

No Payment Plan Data Available

**Dispositions**                                                                                                                           --------------Disposition-------------

**Seq: 1  Count 1**

| Phase | Description | Statute | Level | Degree | Status | Plea | Action | Date |
|---|---|---|---|---|---|---|---|---|
| Initial | TRANS INFO HARMFUL TO MINOR (DEF IN STATE) | 847.0138.2 | Felony | Third | Arrest | | | |
| Prosecution | TRANS INFO HARMFUL TO MINOR (DEF IN STATE) | 847.0138.2 | Felony | Third | Same | | Nolle Prosequi | 5/2/2022 |

Public Records Online

CASE INFORMATION

Printed as of 5/25/2023 by Public

Case Number:     2021CF001009A000XX

Judge:     JALAL A HARB          Section:     F4

**Dispositions**                                                                                      --------------Disposition-------------

**Seq: 2  Count 2**

| Phase | Description | Statute | Level | Degree | Status | Plea | Action | Date |
|---|---|---|---|---|---|---|---|---|
| Initial | TRANS INFO HARMFUL TO MINOR (DEF IN STATE) | 847.0138.2 | Felony | Third | Arrest | | | |
| Prosecution | TRANS INFO HARMFUL TO MINOR (DEF IN STATE) | 847.0138.2 | Felony | Third | Same | | Nolle Prosequi | 5/2/2022 |

**Seq: 3  Count 3**

| Phase | Description | Statute | Level | Degree | Status | Plea | Action | Date |
|---|---|---|---|---|---|---|---|---|
| Initial | TRANS INFO HARMFUL TO MINOR (DEF IN STATE) | 847.0138.2 | Felony | Third | Arrest | | | |
| Prosecution | TRANS INFO HARMFUL TO MINOR (DEF IN STATE) | 847.0138.2 | Felony | Third | Same | | Nolle Prosequi | 5/2/2022 |

**Seq: 4  Count 4**

| Phase | Description | Statute | Level | Degree | Status | Plea | Action | Date |
|---|---|---|---|---|---|---|---|---|
| Initial | TRANS INFO HARMFUL TO MINOR (DEF IN STATE) | 847.0138.2 | Felony | Third | Arrest | | | |
| Prosecution | TRANS INFO HARMFUL TO MINOR (DEF IN STATE) | 847.0138.2 | Felony | Third | Same | | Nolle Prosequi | 5/2/2022 |

No Reopen Data Available